TWITTY *v.* ROSS ET AL.

[No. 15,120. Filed January 28, 1936.]

*Leo S. Rappaport, Harold F. Kealing, Albrecht R. C. Kipp* and *Cassatt Martz,* for appellant.

*Otis E. Gulley, John W. Bowles* and *George W. Hadley,* for appellee.

KIME, P. J.—This was an action by appellant against appellees for possession of certain real estate, for cancellation of a lease with option to purchase said real estate, and damages. To this complaint appellees filed answer in general denial. Trial was had by the court and judgment was entered in favor of appellees and against appellant that he take nothing on his complaint and that appellees recover their costs. The overruling of appellant's motion for new trial, containing the grounds that the decision of the court was not sustained by sufficient evidence and was contrary to law, is the error assigned here.

It appears that Cecil P. Day and Bessie L. Day entered into a contract with appellees, by which said Days, for the principal sum of $8,320.00, the greater portion of which was to be paid over a period of time,

agreed to sell to appellees certain real estate located in the city of Indianapolis. The contract was dated the 14th day of April, 1926, however, since the property herein involved was under construction, possession thereof was not delivered until the 21st day of March, 1927, and the first monthly payment of $77.00 was made in April, 1927, and a payment in like amount was made during each month thereafter to and including September, 1927. The appellant here purchased the interest of the Days in said contract and in said real estate and in October, 1927, notified the appellees to that effect and enclosed to them a pass book which indicated that there still remained unpaid on said contract the principal sum of $8,067.98, less three payments of $77.00 each, which amount was arrived at as follows:

```
April 14, 1926   Sales price.........................$8,320.00
                 Cash ...................................   600.00
                                                        ----------
                                                        7,720.00
Interest  4/14/26  to  7/1/27........................    655.98
                                                        ----------
                                                        8,375.98
Less  four  payments.....................................    308.00
                                                        ----------
         Balance due July 1, 1927....................$8,067.98
               July payment ......................$77.00
               August payment ................  77.00
               September payment ..........  77.00
```

Upon receiving this pass book appellees objected to the way the interest was figured for the reason that they did not obtain possession of the property until eleven months after the date of the contract, to wit: March 21, 1927. It is disclosed that the accountant in charge of the records of Gregory and Appel and appellant's office told appellees that he could do nothing about the excess charge of interest for the reason that the money had already been paid to the Days and if appellant attempted to get that money from her (Bessie L.

Day) she would take her business from Gregory and Appel. Appellant is vice-president of Gregory and Appel. Appellees then informed appellant that if appellant would straighten out the interest that appellees would continue with their payments. Nothing was ever done about the interest and no further payments of $77.00 each were paid and in February, 1928, the sheriff ejected appellees from their home.

The contract reads: "It is also agreed that should said second parties (appellees) be in default in the payment of any installment of rent, or upon their failure, refusal or neglect to promptly pay any of the other payments herein provided to be paid as the same become due, or upon their failure, refusal or neglect to comply with each and every condition and stipulation herein contained, this lease shall terminate, at the option of said first parties, without any notice whatever (the giving of notice is hereby expressly waived), and said first parties shall have the right to rescind this contract, at their option, and take possession of said premises and expel the occupant or occupants thereof without in any manner being a trespasser."

Appellees' failure to make payments when due under the terms of the contract or to take any other steps to protect their interest gave appellant the right to proceed as he did. We must, therefore, hold that the judgment of the court is contrary to law.

The judgment is reversed with instructions to the Hendricks Circuit Court to grant appellant's motion for a new trial.